■ In the Matter of CHRISTY R., Also Known as CHRISSY R., a Child Alleged to be Abandoned. NICHOLAS R., Appellant; ST. CHRISTOPHER'S-JENNIE CLARKSON CHILD CARE SERVICES, INC., Respondent.—Order, Family Court, New York County (George L. Jurow, J.), entered January 11, 1990, which dismissed a petition to terminate respondent's parental rights with respect to the subject child on the ground of abandonment, unanimously affirmed, without costs.

Under the explicit language of Social Services Law § 384-b (4) (b), a proceeding to terminate parental rights on the ground of abandonment may only be brought against a parent whose consent to the child's adoption is required under Domestic Relations Law § 111 (see, Matter of Catholic Child Care Socy. [Danny R.], 112 AD2d 1039). Since the court determined as a threshold issue that respondent was not a person whose consent to adoption was required under Domestic Relations Law § 111 (1) (d), dismissal of the petition was proper. On this record we hold that he is not entitled to any notice or to participate in any manner in any subsequent adoption proceeding. Furthermore, under the circumstances presented, respondent's ignorance of his child's existence until he was served with the instant petition approximately eleven years after the child's birth did not preclude the finding that his consent to adoption was not required (Matter of Robert O. v Russell K., 173 AD2d 30). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Kassal, JJ.