■ In the Matter of FEMALE INFANT F. KURT S., Appellant; JOHN DOE et al., Respondents. [594 NYS2d 303] —In a contested private placement adoption proceeding pursuant to Domestic Relations Law § 115, in which the natural father moved, *inter alia,* pursuant to Family Court Act § 651 for custody of the infant, the natural father appeals from an order of the Family Court, Suffolk County (Berler, J.), entered December 19, 1990, which, after a hearing, determined that his consent to the infant's adoption was not required and that it was in the best interests of the infant to remain in the custody of her prospective adoptive parents.

Ordered that the order is affirmed, without costs or disbursements.

The appellant Kurt S. contends that the court erred in determining that his consent to the adoption of his infant daughter (hereinafter Baby F.) was not required pursuant to Domestic Relations Law § 111 (1) (e). Baby F. was born on November 15, 1987, in Omaha, Nebraska, and the appellant was not named as the father on the birth certificate. The appellant claimed that he was unaware of the mother's pregnancy until a few days before Baby F. was born and that a day or two after her birth he was informed by personnel at the hospital that Baby F. was to be adopted. On November 20, 1987, the unwed mother, Elizabeth F., signed an extrajudicial consent to the adoption of Baby F. by the respondents at which time they assumed physical custody of the child. Under Nebraska law, the consent of the unwed mother is sufficient to place a child for adoption and the rights of the alleged father will not be recognized in court, unless he files a notice of intent to claim paternity with the State's Department of Social Services within five days of the child's birth *(see,* Neb Rev Stat §§ 43-104.02, 43-104.04). It is undisputed that the

appellant did not file a notice to claim paternity until December 8, 1987, well past the five-day deadline. Baby F. was released from the hospital to the respondents' custody, and the respondents returned to their residence in New York. On December 18, 1987, the mother reaffirmed her consent to the adoption before a Nebraska Judge. The respondents subsequently commenced an adoption proceeding in New York, and in November 1988 the appellant received notice of the final hearing. In December 1988, he moved by order to show cause in the adoption proceeding for custody of Baby F. and the adoption proceeding was stayed pending a hearing on his application. The court adjudicated the appellant the father of Baby F. However, following a hearing, the court determined, *inter alia*, that the appellant's consent to the adoption was not required under Domestic Relations Law § 111 (1) (e) and that it would be in the best interests of the child to remain in the custody of the adoptive parents. We now affirm.

Initially, we reject the respondents' contention that the appellant has no standing to contest the adoption in New York because of his untimely filing of the notice to claim paternity under Nebraska law. In determining whether to grant an adoption, a court applies the law of its State *(see,* Restatement [Second] of Conflict of Laws §§ 78, 289). Under New York law, the appellant's consent to the adoption is required if he meets the criteria set forth in Domestic Relations Law § 111 (1) (e). Even in the absence of the right to veto the adoption, the appellant has the right, as the adjudicated father of Baby F., to notice of the proceeding pursuant to Domestic Relations Law § 111-a.

We agree with the Family Court's finding that the appellant failed to meet the interim criteria under Domestic Relations Law § 111 (1) (e) as set forth in *Matter of Raquel Marie X.* (76 NY2d 387, *cert denied sub nom. Robert C. v Miguel T.,* 498 US 984; *see also, Matter of Kiran Chandini S.,* 166 AD2d 599; *Matter of John E. v Doe,* 164 AD2d 375). The evidence elicited at the hearing established that the appellant did not promptly manifest his willingness to assume custody of Baby F. or to assume parental responsibilities after learning of her birth *(see, Matter of Raquel Marie X., supra,* at 408). The appellant knew of the mother's intention to place the child for adoption and communicated with the mother's attorney prior to November 20, 1987. Other than filing the untimely notice of intent to claim paternity, the appellant took no legal steps to assert his right to custody of Baby F. for more than a year after she was placed with the adoptive parents. We decline to

disturb the court's finding that the appellant manifested a "less-than-energetic commitment" to his own paternity rights and did not show a commitment to the needs of the child. The Family Court correctly found that the appellant, as the adjudicated father, was entitled only to notice of the adoption proceeding pursuant to Domestic Relations Law § 111-a for the purpose of allowing him to present evidence concerning the best interests of the child.

The appellant further contends that the court, having determined that he was entitled to notice under Domestic Relations Law § 111-a, erred in determining that it was in Baby F.'s best interests to remain in the custody of the respondents without holding a separate "best interests" hearing. We disagree with the appellant's assertion that Domestic Relations Law § 111-a mandates a separate hearing on the child's best interests under the circumstances of this case. The statute provides that the "sole purpose" of the notice provision is to enable the person served to "present evidence to the court relevant to the best interests of the child". At the hearing on the appellant's application for custody, the court heard evidence regarding the appellant's income, family, occupation, and education and concluded that, based on his character and background, it was in the child's best interests for the adoption to go forward. We find no basis on this record to disturb that determination. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.