■ In the Matter of KASIEM H. CHILDREN's AID SOCIETY, Respondent; FRANK G., Appellant. [646 NYS2d 541] —In a proceeding pursuant to Social Services Law § 384-b for guardianship and custody of a child, Frank G. appeals, as limited by his brief, from so much of (1) a fact-finding order of the Family Court, Kings County (Yancey, J.), dated May 25, 1994, as, after a hearing, determined that his consent was not necessary for the adoption of the subject child, and (2) a dispositional order of the same court, also dated May 25, 1994, which, after a hearing, empowered and authorized the Children's Aid Society to consent to the adoption of the child by the child's foster parents. The appeal brings up for review the fact-finding order dated May 25, 1994.

Ordered that the appeal from the fact-finding order dated May 25, 1994, is dismissed, without costs or disbursements, as that order was superseded by the dispositional order dated May 25, 1994; and it is further,

Ordered that the dispositional order dated May 25, 1994, is affirmed insofar as appealed from, without costs or disbursements.

In 1993 the petitioner, Children's Aid Society, commenced a proceeding for guardianship and custody of the subject child Kasiem H. in order to effect her adoption by her foster parents. The Children's Aid Society alleged, *inter alia,* that Kasiem had been abandoned by her putative father, Frank G., the appellant herein. After a fact-finding hearing, the court determined that Frank G.'s consent to the adoption of Kasiem was not necessary and that it was in Kasiem's best interests to be committed to the guardianship and custody of the Children's Aid Society and to be adopted by her foster parents. We now affirm.

Pursuant to Social Services Law § 384-b (4) (b), an order of guardianship and custody may be granted upon a finding, *inter alia,* that a parent whose consent to the adoption of the child would otherwise be required under Domestic Relations Law § 111 had abandoned the child (*see, Matter of Christy R.,* 183 AD2d 434; *Matter of Catholic Child Care Socy. [Danny R.],* 112 AD2d 1039). Here, the record reveals that Frank G. had not maintained "substantial and continuous or repeated contact with the child" within the meaning of Domestic Relations Law § 111 (1) (d). Thus, his consent to the adoption of Kasiem was not necessary under the statute. Accordingly, the Children's Aid Society did not have to prove that Frank G. abandoned Kasiem and the Family Court properly permitted it to withdraw its petition as against him (*see, Matter of Christy R., supra; Matter of Sommerville v Erie County Dept. of Social Servs.,* 163 AD2d 838; *Matter of Eugene MM.,* 132 AD2d 780). Further, the record supports the Family Court's finding that it was in Kasiem's best interests to be committed to the guardianship and custody of the Children's Aid Society and to be adopted by her foster parents. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.