■ In the Matter of TIFFANY LYNN G. MARLEEN C. et al., Respondents; ALFONSO G., Appellant. [686 NYS2d 774] —In an adoption proceeding pursuant to Domestic Relations Law article 7, the biological father appeals from an order of the Family Court, Suffolk County (Fierro, J.), dated January 31, 1997, which, after a hearing, determined, *inter alia*, that his consent to the adoption was not required.

Ordered that the order is affirmed, with costs.

The Family Court properly determined that the father's consent was not necessary for the adoption of the child. Domestic Relations Law § 111 (1) (d) provides that consent to adoption shall be required: "[o]f the father, whether adult or infant, of a child born out-of-wedlock and placed with the adoptive parents more than six months after birth, but only if such father shall have maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to do so and not prevented from doing so by the person or authorized agency having lawful custody of the child, or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so by the person or authorized agency having lawful custody of the child".

The undisputed evidence shows that the father did not at any time financially support the child though he was able to do so. Further, the father did not maintain "substantial and continuous or repeated contact with the child" within the meaning of Domestic Relations Law § 111 (1) (d). Thus, his consent to the adoption of the child was not necessary under the statute (*see also, Matter of Kasiem H.,* 230 AD2d 796; *Matter of Sommerville v Erie County Dept. of Social Servs. [Nicole L.],* 163 AD2d 838).

The father's remaining contention is without merit. S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.