■ In the Matter of MICAH HH., an Infant. LINDA K. et al., Respondents; VANCITO TT., Appellant. [690 NYS2d 309] —Peters, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered August 12, 1997, which, in a proceeding pursuant to Domestic Relations Law article 7, determined, *inter alia*, that respondent's consent was not required prior to the adoption of Micah HH.

Micah HH. (hereinafter the child) was born in 1993. Shortly thereafter, he was placed in the care of petitioners, the adoptive parents, by the Schenectady County Department of Social Services (hereinafter the Department). Upon the filing of a petition for adoption in February 1997, Family Court ordered that notice of the proceeding be provided to respondent, the alleged biological father.[1] Following the return of his notice, Family Court scheduled a hearing pertaining to "any issue[ ] involving the child's best interest in connection with this adoption".

At such hearing, both respondent and the biological mother testified. Their testimony revealed that the parties were involved in a relationship, were not married and that while respondent was aware of the pregnancy, he failed to assume any medical expenses or provide support for the child. He testified that he always believed himself to be the father, acknowledging this fact to several family members, the doctor who delivered the child, and the Department's staff. He further admitted that he was present when a representative of the Department arrived at the hospital to remove the child and was informed, at that time, that he could only be legally established as the father if he filed a paternity petition. Nota-

---

1. The biological mother's parental rights had previously been terminated.

bly, the biological mother testified that respondent was again advised by the Department of the steps he needed to take to be established as the father of the child. Respondent did not file a petition, further failing to ever take a blood test to determine paternity or commence any other legal action until 1996 when he filed a petition for custody and visitation.

By order entered August 12, 1997, Family Court concluded that respondent's consent to the adoption was unnecessary and that he was not entitled to notice on the issue of the child's best interest pursuant to either Domestic Relations Law § 111 or § 111-a. Thereafter, an order of adoption was entered on April 22, 1998. Respondent appeals from the August 1997 determination that his consent to the adoption was unnecessary.[2]

Respondent contends that since he presented himself to the world as the child's father from the moment that he learned of the pregnancy and thereafter filed a petition to establish visitation or custody, these facts, coupled with the sworn testimony of the biological mother that he was the father of the child, are sufficient to require, pursuant to Domestic Relations Law § 111-a,[3] that he be provided with notice. We disagree.

"Adoption is a creature of statute, and, as such requires strict observance of the statutory requirements" (*Matter of Jessica XX*, 77 AD2d 381, 383, *affd* 54 NY2d 417, *affd sub nom. Lehr v Robertson*, 463 US 248). Simply residing with the child's mother at the time the proceeding was initiated is not, in our view, statutorily sufficient under Domestic Relations Law § 111-a. We similarly find that the biological mother's oral testimony to the effect that respondent is the biological father is insufficient to comply with the statutory mandate requiring a written sworn statement (*see*, Domestic Relations Law § 111-a). For these reasons, we decline to disturb the determination rendered on this issue.

As to respondent's contention that he satisfied the threshold criteria of Domestic Relations Law § 111 requiring a prompt assertion of an interest in the child, objective manifestations of

---

**2.** Respondent does not appeal the order of adoption entered on April 22, 1998. Mindful that the order being appealed, as a nonfinal order, is not appealable as of right (*see*, Family Ct Act § 1112; *Matter of Provost v Provost*, 82 AD2d 995), rather than dismiss this appeal we will treat the notice of appeal as an application for leave to appeal and will grant the application *sua sponte* (*see, Matter of Jason FF.*, 224 AD2d 900).

**3.** Domestic Relations Law § 111-a (2) (e), (f) requires that notice be provided to "any person who is openly living with the child and the child's mother at the time the proceeding is initiated and who is holding himself out to be the child's father", and "any person who has been identified as the child's father by the mother in written, sworn statement".

parental responsibility, and clear evidence of an ability and willingness to assume custody (*see, Matter of Raquel Marie X. [Mr. & Mrs. C.—Mr. T.]*, 76 NY2d 387, 402, 408, *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984) upon his attempt to visit the child, we must again find his efforts insufficient. Respondent knew that the biological mother was pregnant, made no plans for the child, did not indicate any willingness or ability to assume his custody and failed to financially contribute to his support. Further, he was fully aware that the Department removed the child from the care and custody of the biological mother and that he needed to take affirmative action to establish paternity if he wanted to have the right to see the child.

Finally, we refuse to hold that a three-year hiatus between the birth of a child and the filing of a petition for custody can constitute a "prompt assertion of an interest in assuming custody" (*Matter of Raymond AA. v Doe*, 217 AD2d 757, 760, *lv denied* 87 NY2d 805).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.