■ In the Matter of CARRIE GG., Alleged to be a Permanently Neglected and/or Abandoned Child. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN FF., Appellant. [709 NYS2d 247] —Spain, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered July 7, 1999, which, in a proceeding pursuant to Social Services Law § 384-b, determined that respondent's consent was not required for the adoption of his child.

Petitioner commenced this proceeding in February 1999 seeking an order determining that respondent's consent to the adoption of his biological daughter, Carrie, is not required (*see,* Domestic Relations Law § 111) and/or terminating his parental

rights on the ground of abandonment (*see*, Social Services Law § 384-b [3] [g]; [4] [b]) and directing petitioner to place Carrie in an adoptive home as soon as possible (*see*, Social Services Law § 384-b [10], [11]). Family Court directed that an adoption petition be filed and scheduled a hearing to determine whether respondent was a person whose consent to the adoption of Carrie was required pursuant to Domestic Relations Law § 111. The parties stipulated to the relevant facts and agreed that the court would decide the issue based on those facts. Family Court concluded that the stipulated facts established by clear and convincing evidence that respondent's consent was not required, prompting this appeal by respondent.

Preliminarily, we note that after Family Court found that respondent's consent to the adoption of Carrie was not needed, the parties agreed that there would be no further proceedings on the petition. Accordingly, we are of the view that the order on appeal is a final order and, therefore, is appealable as of right (*see*, Family Ct Act § 1112 [a]). Respondent claims that Domestic Relations Law § 111 is applicable only in adoption proceedings and that, therefore, Family Court erred in applying the Domestic Relations Law § 111 standard in this proceeding commenced pursuant to Social Services Law § 384-b. Assuming that respondent's claim involves Family Court's subject matter jurisdiction and, therefore, was not waived by his stipulation to have the Domestic Relations Law § 111 issue decided in this proceeding, we conclude that the court had the authority to determine whether respondent was a person whose consent was required pursuant to Domestic Relations Law § 111 as a threshold issue in this proceeding (*see*, Social Services Law § 384-b [4] [b]; *Matter of Kasiem H.*, 230 AD2d 796; *Matter of Christy R.*, 183 AD2d 434).

Carrie was born out of wedlock and the stipulated facts establish that Carrie's mother surrendered Carrie for adoption within six months of Carrie's birth. Domestic Relations Law § 111 (1) (e)—which contains the relevant provisions in the case of a father of an out-of-wedlock child placed for adoption within six months of birth—was declared unconstitutional in *Matter of Raquel Marie X.* (76 NY2d 387, *cert denied* 498 US 984), wherein the Court of Appeals "set[ ] forth criteria that are to be considered by courts needing in this interim period [until the Legislature enacts a proper substitute] to determine whether an unwed father has established the requisite interest for a right of consent" (*id.*, at 408). In the absence of any new legislation, this Court has continued to apply the interim criteria (*see, e.g.*, *Matter of Micah HH.*, 261 AD2d 723, 724-725;

*Matter of Kailee CC.*, 179 AD2d 891, *lv denied* 79 NY2d 759), but it is not clear from the record that Family Court did so in this case. Nevertheless, the stipulated facts upon which respondent agreed to have the issue decided demonstrate that respondent has no right of consent under the interim criteria.

In consideration of the child's need for early permanence and stability, the biological father of a newborn must assert his interest promptly and manifest his ability and willingness to assume custody of the child (*see, Matter of Raquel Marie X., supra*, at 402, 408). The stipulated facts establish that respondent was aware of Carrie's placement with petitioner on the day of her birth and was also aware that the mother surrendered Carrie for adoption. Respondent denied paternity in the proceeding commenced by the mother and paid no medical, nursing or hospital expenses for the child or the pregnancy. The facts to which respondent stipulated and upon which he agreed to have the issue of the need for his consent decided establish the absence of any manifestation of respondent's ability and willingness to assume custody of Carrie. The only manifestation of his interest in Carrie reflected by the record is the fact that respondent contested petitioner's application in this proceeding to free the child for adoption, which is patently insufficient (*see, id.*, at 408).

Finally, inasmuch as petitioner under these circumstances had no obligation to exercise diligent efforts to encourage respondent to have a meaningful relationship with Carrie before seeking to free her for adoption on the ground of abandonment (*see*, Social Services Law § 384-b [5] [a], [b]; *Matter of Charles U.*, 254 AD2d 588, 590), we reject respondent's claim that petitioner had such an obligation before seeking to establish that respondent's consent to adoption was not required. We also find no merit in respondent's best interest argument.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.