■ In the Matter of RAVEN CAROL L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROGER L., Appellant. [744 NYS2d 209] —In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights, the alleged father of the child appeals, as limited by his brief, from stated portions of a dispositional order of the Family Court, Suffolk County (Pach, J.), entered June 10, 1999, which, after a dispositional hearing and upon a finding, in effect, that he abandoned Raven Carol L., inter alia, determined that the adoption of Raven Carol L. could proceed without his consent and without further notice to him.

Ordered that the order is modified, on the law, by deleting so much of the third decretal paragraph thereof as determined that the adoption of Raven Carol L. could proceed without the consent of or further notice to the alleged father; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The child, Raven Carol L., was born out of wedlock in January 1993. In April 1998, the Suffolk County Department of Social Services (hereinafter the DSS) commenced a proceeding against the mother to terminate her parental rights with respect to Raven and her siblings on the ground of permanent neglect and to have guardianship and custody of the children committed to the DSS for purposes of adoption. A separate proceeding was commenced against the appellant, Raven's putative father, to terminate his parental rights on the ground of abandonment. After a fact-finding hearing, the court determined that the mother had permanently neglected Raven and her siblings. After the DSS made an internal determination that the appellant was not a person whose consent to Raven's adoption was required pursuant to Domestic Relations Law § 111, it successfully moved to withdraw its abandonment

petition against the appellant. Alternatively, the DSS determined, and the Family Court agreed, that pursuant to Social Services Law § 384-c (2), the appellant was merely entitled to notice of the proceedings against the mother and to present evidence concerning Raven's best interests at the mother's dispositional hearing. The appellant, however, contended that his consent to the adoption was required.

After determining that the appellant's objection was unrelated to the matter before it, the Family Court proceeded with the dispositional hearing against the mother and permitted the appellant to present evidence only with respect to Raven's best interests. Although the petition against the appellant had been withdrawn and the appellant had been limited in the presentation of evidence at the hearing, the Family Court nevertheless found, by clear and convincing evidence, that his minimal contact with Raven was "tantamount to abandonment." The Family Court further found that it was in Raven's best interests to be freed for adoption. The dispositional order adjudged that the mother had permanently neglected her children and ordered that guardianship and custody be transferred to the DSS. The dispositional order further provided that the DSS was authorized to consent to the adoption of the children without the consent of or further notice to the mother or the appellant.

The appellant correctly contends that he was denied his right to due process since the Family Court permitted the DSS to withdraw its abandonment petition against him without making a threshold determination as to whether he was a parent whose consent to Raven's adoption was required pursuant to Domestic Relations Law § 111 (*compare Matter of Kasiem H.,* 230 AD2d 796; *Matter of Christy R.,* 183 AD2d 434) and limited his presentation of evidence at the dispositional hearing, but then found by clear and convincing evidence that his lack of contact with Raven was "tantamount to abandonment" and freed Raven for adoption without the necessity of his consent and without further notice to him. The Family Court, in effect, determined that the appellant was not a person whose consent to an adoption was required and made a finding of abandonment without affording him an opportunity to be heard, thus effectively terminating any potential rights he may have had without due process of law (*see Matter of Chimere C.,* 259 AD2d 615). Consequently, that determination, which was improperly made in the proceeding against the mother, must be vacated. The issue of whether the appellant's consent to the adoption is required shall be addressed in the adoption proceeding.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.