▉ In the Matter of DARYL D., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Appellant. [776 NYS2d 689]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered December 24, 2003 in a proceeding pursuant to Family Ct Act § 1055-a. The order directed petitioner to file a permanent neglect petition against the child's legal custodian.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: In June 1998, the child's maternal grandmother was granted custody after the child's parents failed to appear on her custody petition and a default hearing was held. In July 1998, however, the child was placed in foster care and has not lived with the maternal grandmother since that time. A neglect petition was filed against the maternal grandmother, and the proceeding thereon terminated in an order granting an adjournment in contemplation of dismissal dated December 8, 1998. That order was extended several times, but eventually expired on July 16, 2003. In the interim, the child's mother surrendered custody to petitioner in October 2001 and the father's parental rights were terminated in April 2003. Petitioner filed a petition in December 2003 requesting Family Court to hold a permanency hearing pursuant to Family Ct Act § 1055-a to approve petitioner's plan and to grant an order continuing the child in foster care for up to 12 months, or until the adoption was complete. The current foster parent of the child, his paternal great-grandmother, intends to adopt him. After a proceeding held on the petition, the court ordered petitioner to file a petition alleging that the maternal grandmother has permanently neglected the child. That was error.

Because of the prior order granting custody of the child to the maternal grandmother and the expiration of the order granting

an adjournment in contemplation of dismissal, the maternal grandmother still has legal custody of the child. Because the child has not been freed for adoption, petitioner could not commence a proceeding pursuant to Family Ct Act § 1055-a for a permanency hearing. Even assuming, arguendo, that the court had the authority to order petitioner to file the termination of parental rights petition against the maternal grandmother, we conclude that the court erred in doing so because petitioner is not required to file such a petition. Petitioner may establish in the contemplated adoption proceeding that the consent of "any other person having custody of the child," including the maternal grandmother, is not required based on that person "evinc[ing] an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]). If petitioner establishes that the consent of the maternal grandmother is not required, then there is no need for petitioner to file a petition seeking to terminate her parental rights (*see Matter of Kasiem H.*, 230 AD2d 796, 797 [1996]; *Matter of Christy R.*, 183 AD2d 434 [1992]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.