■ In the Matter of FELIX M. ROBERT ERNEST D., Respondent; FELIX GILBERTO M., Appellant. [780 NYS2d 173]—

In an adoption proceeding pursuant to Domestic Relations Law article 7, the father appeals from an order of the Surrogate's Court, Rockland County (Weiner, S.), dated January 27, 2003, which, after a hearing, determined, inter alia, that his consent to the adoption was not required.

Ordered that order is affirmed, without costs or disbursements.

The Surrogate's Court properly determined that the father's consent to the adoption of his son was not required. Pursuant to Domestic Relations Law § 111 (1) (d), the consent of the father of a child born out-of-wedlock is required only if the father has "maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to do so and not prevented from doing so by the person or authorized agency having lawful custody of the child, or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially able to do so and not prevented from doing so by the person or authorized agency having lawful custody of the child."

The undisputed evidence in this case showed that the father never provided any financial support for the child and never showed any interest in developing a parental relationship with him. Thus, his consent to the adoption was not necessary under the statute (*see Matter of Tiffany Lynn G.,* 259 AD2d 616, 617 [1999]; *Matter of James Q.,* 240 AD2d 841, 842 [1997]; *Matter of Kasiem H.,* 230 AD2d 796, 797 [1996]). Contrary to the father's contention, the orders of protection and his brief incarceration did not relieve him of the responsibility to maintain contact or communicate with the child (*see Matter of Tashara B.,* 299 AD2d 356, 357 [2002]; *Matter of Kianna C.,* 292 AD2d 380, 381 [2002]; *Matter of Ronald D., Jr.,* 282 AD2d 533 [2001]; *Matter of Krysheena,* 265 AD2d 816 [1999]).

The father's claim that he was not properly served with notice of the adoption proceeding was not raised in the Surrogate's Court, and thus, it is improperly raised for the first time on appeal (*see Matter of Stephen H.,* 251 AD2d 664, 665 [1998]). There is no merit to the father's claim that he was denied the effective assistance of counsel solely because his attorney did not move to dismiss the proceeding based on the alleged lack of notice (*cf. People v Rivera,* 71 NY2d 705 [1988]; *People v De Mauro,* 48 NY2d 892 [1979]; *Matter of Kianna C., supra*). Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.