█ In the Matter of DOMINIQUE P. and Another, Children Alleged to be Permanently Neglected. LEONARD P., Appellant; ST. VINCENT'S SERVICES, INC., Respondent. [787 NYS2d 44]—

Appeal from orders, Family Court, New York County (Sara P. Schechter, J.), entered on or about May 13, 2003, which, inter alia, found that the mother had permanently neglected the children and that respondent-appellant had been given notice of the proceedings and an opportunity to be heard at the dispositional hearing, and which terminated the mother's parental rights and freed the children for adoption, held in abeyance, and the matter remanded for a hearing as to appellant's parental status.

Appellant is the putative father of the children who entered foster care in June 1999. Petitioner agency commenced these proceedings in December 2001, pleading permanent neglect in the first cause of action, against both the mother and appellant, pursuant to Social Services Law § 384-b (4) (d) and (7). In the second, petitioner alleged that no person other than appellant was entitled to notice. The third cause of action alleged, alternatively, that appellant's consent was not required for the adoptions pursuant to Domestic Relations Law § 111 (1), and that his rights were limited to notice of the proceeding and an opportunity to be heard concerning the children's best interests.

Prior to the fact-finding hearing, the court adopted petitioner's position that appellant was a "notice father" and not a "consent father," and that appellant knew whether he had done the things that a consent father has to do. Petitioner withdrew its parental neglect claim against appellant, electing to proceed against the mother alone on that ground. After the dispositional hearing, the court found that the children's best interests would be promoted by the plan of adoption, and granted the petitions.

While it is true that the issue of appellant's status would have been irrelevant had the agency proceeded solely on its permanent neglect cause of action against him, petitioner was not precluded from seeking a determination that appellant was only a "notice" father and not a "consent" father, once it withdrew

that claim (*compare Matter of Sasha R.*, 246 AD2d 1 [1998]). Nonetheless, the Family Court erred when, after permitting petitioner to proceed on the permanent neglect cause of action against the mother alone, it failed to conduct an evidentiary hearing to determine whether appellant's consent to the adoption was required (*see Matter of Madeline S.*, 3 AD3d 13 [2003]; *Matter of Carrie GG.*, 273 AD2d 561 [2000], *lv denied* 95 NY2d 763 [2000]). Because of this failure, the appeal is held in abeyance and the case remanded to Family Court for a hearing on appellant's parental status under Domestic Relations Law § 111. Even though petitioner withdrew its claims against appellant under Social Services Law § 384-b, it continued to bear the ultimate burden to establish the factual basis for dispensing with appellant's consent (Domestic Relations Law § 112 [3] [3]; *Matter of Carrie GG., supra*; *Matter of Christy R.*, 183 AD2d 434 [1992]). Concur—Mazzarelli, J.P., Ellerin, Nardelli, Marlow and Catterson, JJ.