■ In the Matter of DOMINIQUE P. and Another, Infants. LEONARD P., Appellant; ST. VINCENT'S SERVICES, INC., Respondent. [807 NYS2d 26]—

Orders, Family Court, New York County (Sara P. Schechter, J.), entered on or about May 13, 2003, which terminated the parental rights of respondent mother and freed the children for adoption, unanimously affirmed, without costs.

On January 4, 2005, we held these appeals in abeyance and remanded the matter pursuant to Domestic Relations Law § 111 (1) for a hearing on appellant's parental status (14 AD3d 319 [2005]). Family Court conducted a hearing and determined that appellant's consent was not required for the children to be adopted. For the reasons that follow, we agree.

Family Court correctly determined that petitioner-respondent St. Vincent's Services bore the initial burden of going forward with evidence to show that appellant's consent to the adoption was not required, but that appellant had the ultimate burden of persuasion to show that his consent was required (*Matter of Andrew Peter H. T.*, 64 NY2d 1090 [1985]; *Matter of Dominique P.*, 14 AD3d 319 [2005]).

The record amply establishes that appellant failed to maintain substantial and continuing contact with the children at any point in the children's lives. The existence of orders of protection against appellant did not excuse appellant from maintaining contact with his children (*Matter of Felix M.*, 9 AD3d 432, 433 [2004]). At no time did appellant seek any modification of those orders to permit visitation with his children. Finally, appellant failed to contribute to the children's support. Thus, appellant's consent was not required and he was only entitled to notice of the termination proceeding.

The court correctly determined that the best interests of the children would be served by adoption. At the time of the fact-finding hearing, the mother had not completed drug rehabilitation, domestic violence counseling or psychological evaluations, as required by the agency plan, even though the agency made diligent efforts to work with her. At the dispositional hearing, the agency plan was that the children would be adopted by the foster parents with whom they had resided since December 4, 2000. The agency demonstrated that the children had bonded with these foster parents, who were caring for Dominique's special needs. In contrast, appellant refused to admit the extent of the domestic violence in the home or acknowledge why the children had been placed in foster care. More importantly, appellant maintained that Dominique did not have any special needs until he entered foster care, and did not believe that Dominique should be on medication. Nor did appellant have suitable housing. He did not appear for his drug test and admitted to drinking in the morning of that day. The mother was not familiar with the extent of Dominique's special needs and did not demonstrate an ability to care for him. Concur—Mazzarelli, J.P., Marlow, Ellerin, Nardelli and Catterson, JJ.