■ In the Matter of TASHA M., an Infant. ELIEZER C., SR., Appellant; CATHOLIC HOME BUREAU, Respondent. In the Matter of ELIEZER C., SR., Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents. [824 NYS2d 617]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about July 9, 2004, which, inter alia, determined that appellant biological father's consent was not required for the adoption of the subject child, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about April 22, 2004, which denied and dismissed the custody petition, unanimously dismissed, without costs.

Appellant argues that his consent is required because the child had never been "placed with the adoptive parents" (Domestic Relations Law § 111 [1] [d] [applicable to children over six months old]) or "placed for adoption" (Domestic Relations Law § 111 [1] [e] [applicable to children under six months old]). According to appellant, these phrases are synonymous with "adoptive placement" as defined in 18 NYCRR 421.1 (d), and require a physical placement of the child into the adoptive parents' home, a properly executed adoption agreement recorded in the county clerk's office, and the logging of certain information in a bound book kept by the agency. The argument is improperly raised for the first time on appeal. Had appellant raised the argument before Family Court, the agency would doubtless have adduced additional evidence as to when it decided that its plan for the child was adoption and not return to the mother, and precisely when it placed the child in her first preadoptive home (*cf. e.g. Douglas Elliman-Gibbons & Ives v Kellerman*, 172 AD2d 307 [1991], *lv denied* 78 NY2d 856 [1991]). In any event, were we to reach the argument, we would reject it. No agency or adoptive parents would sign an adoption agreement before knowing whether the biological father consented and, if not, whether his consent was required. Appellant's interpretation also cuts against the promptness expected of an unwed father in manifesting parental interest, measured in terms of the baby's life (*see Matter of Robert O. v Russell K.*, 80 NY2d 254, 264 [1992]), and overlooks that in a proceeding like this pursuant to Social Services Law § 384-b, the very purpose of which is to determine whether the child should be freed for adoption, whether an unwed father's consent to adoption is required is a "threshold issue" (*see Matter of Carrie GG.*, 273 AD2d 561, 562 [2000], *lv denied* 95 NY2d 763 [2000]). Moreover, regardless of whether the child was placed when she was less than or more than six months old, appellant failed to meet the statutory and case law criteria for a consent father (*see* Domestic Relations Law § 111 [1] [d], [e]; *Matter of Raquel Marie X.*, 76 NY2d 387, 408 [1990], *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984 [1990]). Concur—Tom, J.P., Friedman, Sullivan and McGuire, JJ.