■ In the Matter of JOSEPH KENNETH B., JR. ST. VINCENT'S SERVICES, INC., et al., Respondents; JOSEPH KENNETH B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ANDREA SPRING LEELAN B. ST. VINCENT'S SERVICES, INC., et al., Respondents; JOSEPH KENNETH B., Appellant, et al., Respondent. (Proceeding No. 2.) [850 NYS2d 543]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of two orders of the Family Court, Kings County (Lim, J.), both entered January 30, 2007 (one as to each child), as, after a fact-finding inquest held upon his default in appearing in opposition to the petitions, and after a dispositional hearing, determined that his consent was not necessary for the adoption of the subject children, and transferred guardianship and custody of the subject children to the petitioner St. Vincent's Services, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the appeals are dismissed, without costs or disbursements, as no appeal lies from those portions of the orders which were entered upon the father's default (*see Matter of Geraldine Rose W.*, 196 AD2d 313 [1994]).

Since the father did not appear at, and his attorney did not participate in, the fact-finding inquest which was held to determine whether his consent was required for the adoption of the subject children, the provisions of the orders that are the subject of this appeal, and which determined that his consent was not necessary, were entered upon his default and are not appealable (*see* CPLR 5511; *Matter of Jessica Dee D.*, 6 AD3d 435, 436 [2004]; *Matter of Vanessa M.*, 263 AD2d 542, 543 [1999]; *Matter of Geraldine Rose W.*, 196 AD2d 313 [1994]).

In any event, the evidence adduced at the fact-finding inquest demonstrated that the father did not "promptly avail himself of all the possible mechanisms for forming a legal and emotional bond with his child[ren]' and 'manifest his ability and willingness to assume custody of the child[ren]' " (*Matter of Baby Boy C.*, 13 AD3d 619, 620 [2004], quoting *Matter of Raquel Marie X.*, 76 NY2d 387, 402-403 [1990], *cert denied sub nom. Robert C. v Miguel T.* 498 US 984 [1990]; *see Matter of Female Infant F.*, 191 AD2d 437, 438 [1993]). In addition, the father failed to provide the subject children with financial support (*see* Domes-

tic Relations Law § 111 [1] [d]; *Matter of Felix M.*, 9 AD3d 432 [2004]; *Matter of Tiffany Lynn G.*, 259 AD2d 616, 617 [1999]).

The father's remaining contentions are without merit. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.