■ In the Matter of LAMBRID SHEPHERD C. and Another, Infants. JEFFREY S., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent, et al., Respondent. [899 NYS2d 837]—

Orders, Family Court, New York County (Jody Adams, J.), entered on or about January 16, 2009, which, inter alia, determined that respondent-appellant was not a consent father as defined under Domestic Relations Law § 111 (1) (d), and committed custody and guardianship of the subject children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding that respondent did not meet the parental responsibility criteria set forth in Domestic Relations Law § 111 (1) (d) was supported by clear and convincing evidence, including that respondent failed to provide financial support for the children, and that he did not maintain regular contact and/or visit with them (*see Matter of Aaron P.*, 61 AD3d 448 [2009]). Respondent's 18-month incarceration while the children were in foster care did not excuse him of his obligations, and there is no evidence that he attempted to reach out to the agency for assistance in maintaining contact with the children (*see Matter of Sharissa G.*, 51 AD3d 1019, 1020 [2008]).

A preponderance of the evidence at the dispositional hearing supports the determination that it was in the best interests of the children to free them for adoption by their foster father, with whom they have lived for most of their lives and have developed a close relationship (*see Matter of Starlette P.*, 302 AD2d 299, 300 [2003]). Contrary to respondent's suggestion, placing the children with their paternal aunt would not have

been in their best interests, since the record shows that while in foster care, the aunt visited with the children on only one occasion. Concur—Saxe, J.P., Friedman, Nardelli, Freedman and Abdus-Salaam, JJ.