■ In the Matter of GAVIN MARTIN W., an Infant. GARY W., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [965 NYS2d 51]—

Order of disposition, Family Court, New York County (Susan Knipps, J.), entered on or about March 16, 2012, which, to the extent appealed from as limited by the briefs, determined that respondent father's consent was not required for the subject child's adoption, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the finding that the father did not meet the parental responsibility criteria set forth in Domestic Relations Law § 111 (1) (d) (*see Matter of Lambrid Shepherd C. [Jeffrey S.]*, 73 AD3d 496, 496 [1st Dept 2010]).

The Family Court's determination that the child's best interests would be served by freeing him for adoption is supported by a preponderance of the evidence (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The record shows that the father is currently incarcerated and will not be eligible for parole until 2015. Further, the child's foster parents wish to adopt him and have provided a loving and stable home since he was placed in their care in September 2009 (*see Matter of Shatavia Jeffeysha J. [Jeffrey J.]*, 100 AD3d 501, 501-502 [1st Dept 2012]). A suspended judgment is not warranted, because the father has not adequately planned for the child's future. Moreover, the persons proposed by the father as alternative resources are virtual strangers to the child and have not shown that they are ready, willing and able to provide the child with a stable and loving home (*see Matter of Jenee Chantel R.*, 295 AD2d 291, 291-292 [1st Dept 2002]). Concur—Friedman, J.P., Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.