■ In the Matter of DAVION H., an Infant. LINDA R. et al., Appellants; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [19 NYS3d 516]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 28, 2014, which, upon a fact-finding determination that respondent mother had

permanently neglected the subject child and that respondent father's consent to adoption is not required, terminated respondent mother's parental rights to the child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence (see Social Services Law § 384-b [7]; Matter of Sheila G., 61 NY2d 368, 373 [1984]). The evidence shows that the agency exercised diligent efforts to encourage and strengthen the parental relationship by, among other things, referring the mother for mental health services, and by scheduling and facilitating the mother's visitation with the child (see Matter of Marissa Tiffany C-W. [Faith W.], 125 AD3d 512, 512 [1st Dept 2015]). Despite these efforts, however, the evidence shows that the mother failed to plan for the child's future, as she failed to continue with mental health counseling, obtain suitable housing, improve the quality of visits, and understand the child's special needs (see Matter of Alliyah C. [Colleen C.], 113 AD3d 562, 563 [1st Dept 2014], lv denied 23 NY3d 901 [2014]; see also Matter of Tashameeka Valerie P. [Priscilla P.], 102 AD3d 614, 615 [1st Dept 2013], lv denied 21 NY3d 852 [2013]).

A preponderance of the evidence supports the determination that the child's best interests would be served by terminating the mother's parental rights and freeing the child for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The child has remained continuously in foster care since he was two days old, and he has lived for more than three years with the foster mother, who wants to adopt him and with whom he has a loving relationship (Matter of Amilya Jayla S. [Princess Debbie A.], 83 AD3d 582, 583 [1st Dept 2011]). A suspended judgment is unwarranted as the mother has failed to, among other things, demonstrate a realistic and feasible plan to provide an adequate and stable home for the child (see Matter of Charles Jahmel M. [Charles E.M.], 124 AD3d 496, 497 [1st Dept 2015], lv denied 25 NY3d 905 [2015]).

Clear and convincing evidence supports the finding that the father's consent to adoption is not required, as he failed to communicate with the child or agency on at least a monthly basis, and he admittedly failed to provide financial support for the child, beyond a one-time payment of $200, despite the means to do so (Domestic Relations Law § 111 [1] [d]; Matter of Lynik Jomae E. [Lynik Jomae E.], 112 AD3d 513, 514 [1st Dept

2013], *lv dismissed* 23 NY3d 1007 [2014]; *see also Matter of Lambrid Shepherd C. [Jeffrey S.]*, 73 AD3d 496, 496 [1st Dept 2010]).

We have considered the mother's and the father's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.