■ In the Matter of STAR NATAVIA B., an Infant. DOUGLAS B., Appellant; CARDINAL MCCLOSKEY COMMUNITY SERVICES, Respondent. [33 NYS3d 896]—

Order of disposition, Family Court, Bronx County (Erik S. Pitchal, J.), entered on or about February 26, 2015, which, to the extent appealed from as limited by the briefs, found that respondent father's consent is not required for the adoption of the subject child, unanimously affirmed, without costs.

Family Court's determination is supported by clear and convincing evidence that respondent failed to provide consistent financial support for the subject child and failed to visit or communicate with the child (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Brianna L. [Brandon L.]*, 83 AD3d 501 [1st Dept 2011]; *see also Matter of Lambrid Shepherd C. [Jeffrey S.]*, 73 AD3d 496, 496 [1st Dept 2010]). Respondent was not excused from paying child support simply because an agency caseworker allegedly told him not to do so (*see Matter of Savannah Love Joy F. [Andrea D.]*, 110 AD3d 529, 530 [1st Dept 2013]). In any event, there is no indication that respondent sought to provide the child with consistent financial support (*see Matter of Robert R.*, 30 AD3d 309 [1st Dept 2006], *lv denied* 7 NY3d 718 [2006]; *see also Matter of Dominique P.*, 24 AD3d 335, 336 [1st Dept 2005], *lv denied* 6 NY3d 712 [2006]).

Respondent's alleged provision of $1,500 worth of clothing for the child did not establish that he was a consistent or reliable source of support, and was insufficient to meet his burden of showing that he provided the child with financial assistance that was a fair and reasonable amount according to his means, as required by Domestic Relations Law § 111 (1) (d) (i) (*see Matter of Maxamillian*, 6 AD3d 349, 351 [1st Dept 2004]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.