Matter of Montrell A.D. (Miguel D.--Cinnamon Nyree P.) (2018 NY Slip Op 03102)





Matter of Montrell A.D. (Miguel D.--Cinnamon Nyree P.)


2018 NY Slip Op 03102


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


6409A 6409

[*1] In re Montrell A.D., etc., and Another, Dependent Children Under Age Eighteen, et al., Miguel D., Respondent-Appellant, Sheltering Arms Children and Family Services, Petitioner-Respondent, Cinnamon Nyree P., Respondent.


Larry S. Bachner, New York, for appellant.
Dawn M. Shammas, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Orders, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about July 24, 2017, which, to the extent appealed from as limited by the briefs, after a hearing, found that respondent father's consent to the subject children's adoption was not required, unanimously affirmed, without costs.
Clear and convincing evidence supports the finding that respondent has not maintained the requisite substantial and continuous or repeated contact with the children to require his consent to their adoption (see Domestic Relations Law § 111[1][d]). Respondent failed to provide financial support for the children for at least the two years during which the children were in foster care and failed to communicate with the children or petitioner agency on at least a monthly basis (see id.; Matter of Lynik Jomae E. [Lynik Jomae E.], 112 AD3d 513 [1st Dept 2013], lv dismissed 23 NY3d 1007 [2014]). The court orders suspending visitation, which resulted from his own deliberate conduct, did not absolve respondent of his obligations to maintain contact (see Matter of Lori QQ. v Jason OO., 118 AD3d 1084, 1085 [3d Dept 2014], lv denied 23 NY3d 909 [2014]; Matter of Dominique P., 24 AD3d 335 [1st Dept 2005], lv denied 6 NY3d 712 [2006]). The agency was not required to instruct respondent to provide support for his children (see Matter of Savannah Love Joy F. [Andrea D.], 110 AD3d 529, 530 [1st Dept 2013], lv denied 22 NY3d 858 [2014]; Matter of Marc Jaleel G. [Marc E.G.], 74 AD3d 689, 690 [1st Dept 2010]). Respondent's unsubstantiated testimony that he gave the children money and toys does not establish that he was a "consistent or reliable source of support" or "that he provided the [children] with financial assistance that was a fair and reasonable amount according to his means" (Matter of Star Natavia B. [Douglas B.], 141 AD3d 430, 431 [1st Dept 2016]).
Respondent's due process arguments are unavailing in view of the fact that his court-appointed attorneys were relieved due to his own misconduct; "he effectively exhausted his right to assigned counsel" (see Matter of Rodney W. v Josephine F., 126 AD3d 605, 606 [1st Dept 2015], lv dismissed 25 NY3d 1187 [2015]). Further, Family Court sufficiently advised respondent of the risks of self-representation.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK