Matter of Amos v Erie County Dept. of Social Servs. (2021 NY Slip Op 00969)





Matter of Amos v Erie County Dept. of Social Servs.


2021 NY Slip Op 00969


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1024 CAF 19-01246

[*1]IN THE MATTER OF ANTHONY AMOS, JR., PETITIONER-APPELLANT,
v
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 






DEBORAH J. SCINTA, ORCHARD PARK, FOR PETITIONER-APPELLANT. 
REBECCA HOFFMAN, BUFFALO, FOR RESPONDENT-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered April 3, 2019 in a proceeding pursuant to Family Court Act article 6. The order granted the motion of the Attorney for the Child to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, the biological father of the subject child, appeals from an order granting the motion of the Attorney for the Child (AFC) to dismiss petitioner's petition seeking visitation with the child. We affirm.
The subject child was born in August 2017. A neglect petition was filed against the biological mother, and she consented to the temporary removal of the child two days after her birth. The child was subsequently placed in foster care with the adoptive parents of several of her siblings. Petitioner was identified as a putative father, and Family Court appointed counsel to represent him in November 2017. Petitioner and the mother were never married, and petitioner has been incarcerated since before the child was born. He was eventually adjudicated the biological father of the child in September 2018, shortly before the parental rights of the mother were terminated in December 2018. Custody of the child was then transferred to respondent, and a permanency hearing was scheduled. The permanency goal for the child, as set forth in the permanency hearing report submitted by respondent prior to the permanency hearing, was placement for adoption, and respondent and the AFC advocated for placement with the child's foster parents.
In January 2019, petitioner filed his petition seeking visitation with the child. The AFC moved to dismiss petitioner's petition for lack of standing, arguing that petitioner was not entitled to visitation inasmuch as the permanency goal for the child was adoption, and petitioner was a mere notice father whose consent was not required for the child's adoption under Domestic Relations Law § 111 (1) (d) (see generally Matter of Makia R.J. [Michael A.J.], 128 AD3d 1540, 1540 [4th Dept 2015]). Respondent joined in the AFC's motion, and the AFC requested a hearing on the issue whether petitioner was a mere notice father or whether his consent was required for adoption. Following a hearing on the matter, the court determined that petitioner was a notice father only and granted the motion.
On appeal, petitioner contends that the court erroneously applied Domestic Relations Law [*2]§ 111 in determining that he lacked standing to seek visitation inasmuch as that statute applies to adoption proceedings only. Petitioner, however, did not oppose the AFC's request for a hearing to determine whether he was a mere notice father or whether his consent was required for the child's adoption, and petitioner raised no objection to the court's statement that the purpose of the hearing was to resolve that question. Petitioner also did not challenge the permanency goal of adoption. Thus, petitioner's contention, raised for the first time on appeal, is not preserved for our review (see CPLR 5501 [a] [3], [4]; Family Ct Act § 1118).
In any event, we conclude that petitioner's contention lacks merit. Under these circumstances, where the permanency determination in a related proceeding was pending, the court did not err in resolving, as a threshold issue in these related proceedings, the question whether petitioner was a mere notice father or whether his consent was required for the child's adoption (see generally Matter of Carrie GG., 273 AD2d 561, 562 [3d Dept 2000], lv denied 95 NY2d 763 [2000]), particularly where, as here, petitioner did not oppose the hearing on that issue. Furthermore, the court's determination that petitioner's consent to adoption was not required is supported by clear and convincing evidence (see Matter of Tiara Dora S. [Debbie S.], 170 AD3d 458, 458 [1st Dept 2019]), and we see no reason to disturb the credibility determinations of the court (see generally Matter of Ilona H. [Elton H.], 93 AD3d 1165, 1166 [4th Dept 2012]). Inasmuch as petitioner's consent to adoption was not required, petitioner lacked standing to seek visitation with the child (see generally Matter of Kevin W. v Monique T., 38 AD3d 672, 673 [2d Dept 2007], lv denied 9 NY3d 803 [2007]).
In light of our determination, we do not reach petitioner's remaining contention.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court