■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS E. TAYLOR, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in denying defendant's motion for a mistrial based on conflict of interest between defendant and his retained counsel. The motion was made after nearly one month of jury selection and just before opening statements were scheduled. The record reflects knowing waiver of any conflict on two occasions, eight months and three months earlier *(see, People v Caban,* 70 NY2d 695).

We have considered the other claims made by defendant and find that none has merit. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—murder, second degree.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.

■ In the Matter of SAMANTHA L. J., an Infant.—Order unanimously reversed on the law without costs and matter remitted to Cattaraugus County Family Court for further proceedings, in accordance with the following memorandum: Family Court dismissed a petition for judicial approval of a surrender by the mother of an out-of-wedlock child under Social Services Law § 384 (4) on the ground that there was no consent by the father and that he was a necessary party. The father was entitled to notice of the petition for judicial approval of the mother's surrender under Social Services Law § 384-c (2) (f) so that the issue whether his consent to adoption is necessary could be determined. There is nothing in the record which shows that the father has met the guidelines set forth in the statute (Domestic Relations Law § 111 [d]) which would support a finding that his consent is required. Because the father is a necessary party only if his consent would be required for adoption under Domestic Relations Law § 111 (Social Services Law § 384 [1] [c]), we remit for a hearing to determine that issue. (Appeal from order of Cattaraugus County Family Court, Horey, J.—permanent surrender.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.