OPINION OF THE COURT
Barbara Salinitro, J.
*358 On December 16, 2003, M.O. and J.O. filed petitions for the adoption of C. and J. in Bronx County Family Court. On January 7, 2004, a notice of adoption was served upon J.S., the biological father of the subject children, pursuant to the decision issued by this court on August 20, 2001.[1] On February 3, 2004, Mr. S.’s attorney submitted a notice of appearance with the Bronx County Family Court. On February 9, 2004, the matter was transferred to Queens County Family Court based on this court’s prior contacts with the family. On July 13, 2004, Mr. S. filed a motion to compel Leake & Watts Services, Inc. (agency) and the preadoptive parents to provide discovery materials. In his motion, Mr. S. requested the case record of Leake & Watts, medical, psychological and psychiatric records, police reports and records, correspondence, school records and any exculpatory documents. The law guardian and the agency oppose the motion.
In Stanley v Illinois, the United States Supreme Court declared unconstitutional an Illinois statute that presumed the parental unfitness of all fathers of children born out of wedlock.[2] (Stanley v Illinois, 405 US 645 [1972].) In 1976, the New York State Legislature amended the Domestic Relations Law by adding section 111-a to provide rights to certain fathers of children born out of wedlock in order to conform state law with the Stanley decision. The legislative intent of Domestic Relations Law § 111-a was to provide “clear constitutional, statutory guidelines for notice to putative fathers.” (Assembly Introducer Mem in Support, Bill Jacket, L 1976, ch 665.) As enacted, Domestic Relations Law § 111-a delineates which fathers of children born out of wedlock are entitled to notice of adoption *359 proceedings.[3] The statute also clearly delineates the purpose of the notice provision. Domestic Relations Law § 111-a (3) states that “[t]he sole purpose of notice under this section shall be to enable the person served pursuant to subdivision two to present evidence to the court relevant to the best interests of the child.” (See also Matter of Catholic Child Care Socy., 112 AD2d 1039 [2d Dept 1985].) The statute does not provide any additional rights to fathers of children born out of wedlock other than the right to receive notice and the right to be heard. In Matter of ‘Male F” (97 Misc 2d 505, 509 [Sur Ct, Bronx County 1978]), the court stated that “[c]learly, section 111-a is not intended to give a putative father any substantive right he does not otherwise possess.” The court also stated that:
“Naturally flowing from a right to notice is the right of a putative father to be heard, if he wishes, on the subject of the disposition of his children before a final determination is reached which can affect his relationship, if any, with the child. Neither the Malpica-Orsini case, nor our statutes, have in any way further expanded the substantive rights of a putative father in an adoption proceeding. He is given no right other than to be heard and have his views considered in reaching an appropriate determination that is in the best interests of the child” (at 510).
Since its enactment in 1976, section 111-a (3) of the Domestic Relations Law has not been amended to afford any additional rights to fathers of children born out of wedlock. Neither case law nor statutory law in New York has extended the rights of these putative fathers to provide them with the rights of a party in an adoption proceeding. Moreover, in Matter of Samantha L.J. (155 AD2d 980 [4th Dept 1989]), the Court held that a notice father is not a necessary party to an adoption proceeding. In legal terminology, a party is defined as:
“those by or against whom a legal suit is brought, whether in law or in equity, the party plaintiff or defendant, whether composed of one or more indi *360 viduals and whether natural or legal persons; all others who may be affected by the suit, indirectly or consequently, are persons interested but not parties.” (Black’s Law Dictionary 1122 [6th ed 1990] [emphasis added]; see also United States v Guerrerio, 675 F Supp 1430 [SD NY 1987].)
Mr. S.’s right to notice of the adoption proceedings involving J. and C. does not elevate him to the status of a party in the proceedings but makes him an interested person. CPLR 3120 (1) provides:
“After commencement of an action, any party may serve on any other party a notice or on any other person a subpoena duces tecum:
“(i) to produce and permit the party seeking discovery, or someone acting on his or her behalf, to inspect, copy, test or photograph any designated documents or any things which are in the possession, custody or control of the party or person served; or
“(ii) to permit entry upon designated land or other property in the possession, custody or control of the party or person served for the purpose of inspecting, measuring, surveying, sampling, testing, photographing or recording by motion pictures or otherwise the property or any specifically designated object or operation thereon” (emphasis added).
As Mr. S. is not a party in these proceedings, the discovery devices afforded to parties under the CPLR are not available to him. Mr. S., however, has the right to present evidence to the court which is relevant to the best interests of the children. Such evidence can include information regarding his income, family, occupation, education and character. (See Matter of Female Infant F, 191 AD2d 437 [2d Dept 1993].) Mr. S. is also afforded the right to present witnesses and to “fully develop the record.” (Matter of Jarrett, 230 AD2d 513, 528 [4th Dept 1997].)
Thus, Mr. S.’s motion is denied.

. This court held that Mr. S.’s consent to the adoption of C. and J. was not required, but that he was entitled to notice of the proceedings pursuant to section 111-a (2) (a) of the Domestic Relations Law. This court’s decision was subsequently affirmed by the Appellate Division, Second Department. (Matter of Jason Brian S., 303 AD2d 759 [2d Dept 2003].)

. In Stanley, an unwed father challenged an Illinois law which declared the children of unwed fathers wards of the State upon the death of the children’s mother without a hearing and without regard to the relationship between the father and the children. The Illinois statute defined a parent, in relevant part, as the father and mother of a legitimate child or the natural mother of an illegitimate child. Unwed fathers were excluded from the definition. The Court found that the statute violated the Equal Protection Clause of the United States Constitution. The Court also found that, as a matter of due process, Stanley, who had “sired and raised” his children (at 651), was entitled to a hearing on his fitness as a parent before his children were removed from his care.

. Domestic Relations Law § 111-a (2) (a) provides that a biological father of a child born out of wedlock is entitled to notice of any adoption proceeding involving that child when he has been adjudicated by a New York State court to be the father. This court previously held that Mr. S. is entitled to notice of any proceedings initiated for the adoption of both J. and C. since he was adjudicated their father under Queens Family Court Docket Nos. P 3419/98 and P 3420/98.