■ In the Matter of DESMOND K. and Another, Infants. KEVIN K., Appellant; CARDINAL McCLOSKEY SERVICES, Respondent. [875 NYS2d 3]—

Orders of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about March 31, 2008, which, to the extent appealed from, determined that respondent father's consent was not required for the adoption of the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administra-

tion for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The record demonstrates that respondent waived his contention that he was entitled to a hearing on his motion to be deemed a consent father (see Matter of Jamize G., 40 AD3d 543, 544 [2007], lv denied 9 NY3d 808 [2007]). Respondent never objected to the court's instruction that the motion for the hearing be made in writing, he was granted three adjournments over a period of more than five months, and was still not prepared to submit his motion at the end of that extended period of time. Under these circumstances, it was not an improvident exercise of discretion for the court to deny him still yet another adjournment (see Matter of Christina Marie B., 155 AD2d 277 [1989]). Nor was respondent deprived of his constitutional due process rights by the denial of an adjournment, as the court provided him with numerous opportunities to be heard (id.).

The court properly denied respondent's request, made at the start of the dispositional hearing, to relieve his assigned counsel. Counsel's representation of respondent was vigorous, and the record is devoid of evidence of any serious conflict between respondent and counsel (see e.g. People v Sides, 75 NY2d 822, 824 [1990]).

The court's determination that it would be in the children's best interests to free them for adoption is supported by a preponderance of the evidence (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). There is no indication that respondent, who was incarcerated at the time of the dispositional hearing, is capable of caring for his children, and his plan to send the children to his relatives, whom the children did not know, was not in their best interests. Furthermore, the children's foster parents were described as supportive, tended to Destiny's special needs, and expressed a desire to adopt the children. Concur—Friedman, J.P., Gonzalez, Buckley and Renwick, JJ.