■ In the Matter of JALEEL F. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERNEST F., Appellant. [881 NYS2d 242]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered March 27, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, determined that respondent is a notice father pursuant to Social Services Law § 384-c.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the determination that respondent is a notice father pursuant to Social Services Law § 384-c is vacated, and the matter is remitted to Family Court, Erie County, for a new hearing in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to Social Services Law § 384-b to free the subject children for adoption following the death of their mother. Respondent is the biological father of one of the two children, and he appeals from an order that vacated a default order "as to [respondent] as it pertains to [the] Termination of Parental Rights Petition . . . but still stands on Notice father standing." Social Services Law § 384-c, inter alia, limits the rights of certain fathers of children born out of wedlock to notice of a dispositional hearing pursuant to Social Services Law § 384-b and an opportunity to present evidence concerning the best interests of the child at such a hearing (§ 384-c [1], [2] [a]; [3]). Respondent contends that Family Court erred in failing to afford him an opportunity to present evidence that he was not a notice father pursuant to section 384-c, but was instead a "consent father" pursuant to Domestic Relations Law § 111 (1) (d), in which event his consent to the adoption of his son was required.

We conclude that respondent was denied his right to due process based on the failure to inform him of the date of the dispositional hearing on the termination of parental rights petition. Even assuming, arguendo, that respondent was properly determined to be a notice father, we conclude that he nevertheless had the right to "notice of the proceeding and an opportunity to be heard concerning the [child's] best interests" (*Matter of Alyssa M.*, 55 AD3d 505, 506 [2008]). The record establishes that respondent appeared at each court date of which he had notice, either in person or by counsel, thus manifesting his intention to exercise his rights even if those rights were limited to those of a notice father (*cf. Matter of Desmond K.*, 59 AD3d 240 [2009]). The record, however, contains no indication that respondent was informed of the date on which the dispositional hearing on the termination of parental rights petition was to be conducted. We conclude that the failure to afford

respondent an opportunity to be heard on the issue of his son's best interests at that hearing in accordance with his right as a notice father, at which hearing he also would have been afforded the opportunity to submit evidence that he was a consent father, amounts to a denial of due process (*see Matter of Samantha L. J.*, 155 AD2d 980 [1989]; *see generally Matter of Roy Anthony A.*, 59 AD2d 662 [1977]). We therefore reverse the order insofar as appealed from, vacate the determination that respondent is a notice father, and remit the matter to Family Court for a new hearing consistent with our decision (*see Samantha L. J.*, 155 AD2d 980 [1989]). Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.