■ In the Matter of JOHN PAUL B., Appellant, v DOMINICA B. et al., Respondents. (Proceeding No. 1.) In the Matter of JOHN PAUL B., Appellant, v DOMINICA B. et al., Respondents. (Proceeding No. 2.) In the Matter of BABY GIRL B. FRANK S. et al., Petitioners. (Proceeding No. 3.) [909 NYS2d 753]—

In related paternity and custody proceedings pursuant to Family Court Act articles 5 and 6, respectively, and a related adoption proceeding pursuant to Domestic Relations Law article 7, John Paul B. appeals from an order of the Family Court, Orange County (Bivona, J.), dated July 22, 2010, which determined that his consent to the subject child's adoption was not required, and denied the petitions in the paternity and custody proceedings.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On November 4, 2009, the subject child, Baby Girl B., was born out of wedlock and two days later, the subject child's biological mother surrendered her for adoption. On January 25, 2010, Frank S. and Susan S. commenced a proceeding in the Family Court to adopt Baby Girl B. On February 22, 2010, John Paul B. (hereinafter the appellant), the former paramour of the subject child's biological mother, commenced related paternity and custody proceedings in the Family Court, seeking, inter alia, an order declaring his paternity of Baby Girl B., and for a determination that his consent was required before the adoption could proceed.

At a hearing, inter alia, on the issue of whether the appellant's consent was required before the adoption could proceed, evidence was adduced demonstrating that the appellant and the child's biological mother had dated since 2000, and that the appellant was the biological father of the subject child. In addition, the evidence demonstrated that prior to, during, and after the biological mother's pregnancy, the appellant and the biological mother shared a home. The appellant testified at the hearing that he was not aware of the biological mother's pregnancy and that she told him she was not pregnant. The biological mother testified that she sought to prevent the appellant from learning about her pregnancy and told him that her weight gain and pregnancy symptoms were caused by a stomach problem. She further testified that she did not inform the appellant about the pregnancy because he had previously told her that he did not think he ever wanted children and because she was worried that he would end their relationship.

After the hearing, the Family Court determined that the appellant did not meet the criteria for consent, and denied the petitions in the paternity and custody proceedings. We affirm.

The record establishes that during the six-month period preceding the subject child's placement for adoption, the appellant did nothing to manifest his parental interest (*see Matter of Raquel Marie X.*, 76 NY2d 387, 408 [1990], *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984 [1990]; *see also Matter of Robert O. v Russell K.*, 80 NY2d 254, 264 [1992]). Effectively conceding as much, the appellant contends that he could not manifest his parental interest in a timely fashion because he was prevented through no fault of his own from finding out about the pregnancy until months after the subject child's placement for adoption based on the biological mother's active concealment of the pregnancy.

While it may be possible for an unwed father's failure to manifest his parental interest in a timely fashion to be excused by "active concealment" of a pregnancy (*Matter of Jarrett*, 224 AD2d 1029, 1032 [1996]; *cf. Matter of Robert O.*, 80 NY2d at 265), under the unique circumstances presented here, the appellant's failure to manifest his parental interest during the six-month period preceding the child's placement for adoption is not excusable. On the record before us, it cannot be said that the appellant "d[id] all that he could to protect his parental interest" (*Matter of Robert O.*, 80 NY2d at 264; *cf. Matter of Ian*, 25 Misc 3d 1211[A], 2009 NY Slip Op 52028[U] [2009]; *Matter of Baby Girl S.*, 141 Misc 2d 905 [1988], *affd* 150 AD2d 993 [1989], *affd Matter of Raquel Marie X.*, 76 NY2d 387 [1990], *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984 [1990]).

Accordingly, the Family Court correctly determined that the appellant's consent to the child's adoption was not required and, thus, properly denied the petitions in the paternity and custody proceedings. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.