# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

355

CAF 10-00441

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF RONALD WASHINGTON,
PETITIONER-APPELLANT,

V                                                        MEMORANDUM AND ORDER

ERIE COUNTY CHILDREN'S SERVICES,
RESPONDENT-RESPONDENT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR PETITIONER-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR RESPONDENT-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR DEVON J.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered January 20, 2010 in a proceeding pursuant to Family Court Act article 6. The order denied the petition for custody and freed the child for adoption.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating those parts of the order denying the custody petition, determining that petitioner is a "notice father" and freeing the child for adoption, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Erie County, for further proceedings on the custody petition before a different judge in accordance with the following Memorandum: Petitioner is the biological father of a child who was the subject of a permanent neglect petition filed against the child's mother. Following a series of delays related to providing the father with notice that he may be the father of the child, who was in foster care, he was adjudicated the child's father. The father thereafter commenced this proceeding pursuant to article 6 of the Family Court Act seeking custody of the child. Family Court heard testimony with respect to the father's custody petition following the dispositional hearing in the permanent neglect proceeding against the mother. In its order, which addressed both the permanent neglect proceeding against the mother and the custody proceeding, the court stated that the father's "[p]etition for custody is hereby denied[] [inasmuch as the c]ourt does not find it in the best interest[s] of the child to be removed from the only home he has ever known and placed with a Notice Father with whom he has had limited and superficial contact . . . ." With respect to the custody proceeding between the father and a third party, i.e., Erie County Children's Services, we note that the court

failed to make the requisite findings of extraordinary circumstances before determining the best interests of the child (*see generally Matter of Ricky Ralph M.*, 56 NY2d 77, 80; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 548).  Instead, despite its reference to the custody petition, the court treated the custody matter between the father and respondent as though it had before it only the permanent neglect petition with respect to the mother.  Indeed, the court addressed the best interests of the child in the context of the permanent neglect proceeding against the mother by freeing the child for adoption (*see generally* Family Ct Act §§ 631, 634).  That was error.  We further conclude that, by determining that the father was a "notice father" and thus that his consent is not required for the adoption of the child (*see* Domestic Relations Law § 111 [1] [d]), the court thereby deprived the father of his parental rights without due process (*see Matter of Jaleel F.*, 63 AD3d 1539, 1540-1541).  Although there was reference to the father as a "notice father" during the proceedings, that reference was correct only in the context of the permanent neglect proceeding against the mother inasmuch as he was entitled to notice of that proceeding (*see* Social Services Law § 384-c [2] [a]).  The issue whether the father's consent is required before the child may be adopted was not before the court.  " '[A] parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one' and may not be accomplished without stern adherence to the dictates of due process" (*Ricky Ralph M.*, 56 NY2d at 81, quoting *Lassiter v Department of Social Servs. of Durham County, N.C.*, 452 US 18, 27).

We therefore modify the order accordingly, and we remit the matter to Family Court for further proceedings on the custody petition before a different judge following a de novo hearing, if necessary.

Entered:  April 1, 2011                          Patricia L. Morgan
                                                 Clerk of the Court