■ In the Matter of JEREMYAH G. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KEITH J., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of JOSYAH G. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KEITH J., Respondent, et al., Respondent. (Proceeding No. 2.) [2 NYS3d 596]—

Appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated January 10, 2014. The order granted Keith J.'s motion for a determination that his consent was required for the subject children's adoption pursuant to Domestic Relations Law § 111 (1) (d).

Ordered that the order is reversed, on the law, without costs or disbursements, and Keith J.'s motion for a determination that his consent was required for the subject children's adoption pursuant to Domestic Relations Law § 111 (1) (d) is denied.

In this proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the mother, Keith J., the biological father of the subject children, moved for a determination that his consent was required for the subject children's adoption pursuant to Domestic Relations Law § 111 (1) (d). That statute provides that when a child is born out-of-wedlock and placed with adoptive parents more than six months after birth, the consent of the child's father to the child's adoption is required "only if such father shall have maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to do so . . . , or (iii) the father's regular communication with the child or with

the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so by the person or authorized agency having lawful custody of the child."

The Family Court held a hearing on the father's motion, during which the parties stipulated that the father satisfied section 111 (1) (d) (ii) by visiting with the subject children at least monthly. The hearing was limited to the issue of whether the father satisfied the financial support requirement of section 111 (1) (d) (i).

During the hearing, an employee of the petitioner, the Nassau County Department of Social Services, testified that an order of support was entered against the father in February 2012, which directed him to pay $50 per month for the support of both of the subject children. She testified that the father never complied with the order, but that payments were made to his account, totaling $705, in April 2013 and October 2013, as a result of the father's tax refund being seized and applied toward his accumulated child support arrears. The father testified that while he was aware of the order directing him to pay $50 per month in support, he never complied with the order. He testified that his income for the year 2012 was approximately $2,500, and that he spends $30 per week on cigarettes. However, he later changed his testimony, stating that he spends $10 per week on cigarettes. In addition, the father testified that when he filed his tax returns, he knew that some of the refund money would be seized in order to pay his child support arrears.

After the hearing, the Family Court issued the order appealed from, finding that the father satisfied the financial support requirement of the statute and determining that he must therefore be deemed a father whose consent is required before the adoption of the subject children may proceed. The petitioner appeals.

Contrary to the Family Court's determination, the father failed to meet his burden of establishing that he satisfied the support provision of Domestic Relations Law § 111 (1) (d) (i) through evidence that a portion of his tax refund was seized and applied toward his unpaid child support arrears. The legislative history of section 111 (1) (d) indicates that it was intended to bring New York law into compliance with the constitutional requirements set forth in *Caban v Mohammed* (441 US 380 [1979]) by according the right to veto adoptions to those fathers of children born out-of-wedlock who manifest a significant interest in their children (Sponsor's Mem, L 1980,

ch 575, 1980 Legis Ann at 242-243). The criteria in this section are "keyed to manifestation of parental responsibility" (Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Law of NY, Book 14, Domestic Relations Law § 111, C111:2 at 89). In this case, the father's tax refund was seized because of his lack of parental responsibility in failing to make any child support payments, despite being directed to do so by a court order. It would be contrary to the intent of the statute to allow the father to rely on the seizure of his assets as a manifestation of his interest in the children.

The Family Court erroneously concluded that it was bound by *Matter of Vanessa Ann G.-L.* (50 AD3d 1036 [2008]), to find that the father satisfied the financial support requirement of Domestic Relations Law § 111 (1) (d) (i). As an initial matter, that case involved a wage deduction order, which may be entered automatically before a father has a chance to make a voluntary payment (*see* Family Ct Act § 440 [1] [b]; CPLR 5242 [c] [1]), whereas here, the father's tax refund was seized because he was in arrears after never having made any payments (*see* 18 NYCRR 346.11 [a] [1]). In any event, the issue of whether payments made through a wage deduction order are sufficient, per se, to satisfy Domestic Relations Law § 111 (1) (d) (i) was not decided by this Court in *Matter of Vanessa Ann G.-L.* (50 AD3d 1036 [2008]). In that case, the parties did not raise this as an issue and, in fact, stipulated that the father "paid child support" once paternity was established (*Matter of Vanessa Ann G.-L.*, 50 AD3d at 1037). Here, there was no such stipulation. Rather, the petitioner opposed the father's motion on the ground that he failed to pay child support. Therefore, the Family Court's reliance on *Matter of Vanessa Ann G.-L.* was misplaced.

Since the father failed to demonstrate that he made payments toward the support of his children of a fair and reasonable sum, according to his means (*see* Domestic Relations Law § 111 [1] [d] [i]), his motion for a determination that his consent was required for the subject children's adoption should have been denied (*see Matter of Andrew Peter H.T.*, 64 NY2d 1090, 1091 [1985]). Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.