■ In the Matter of ANGEL P. ST. VINCENT'S SERVICES, INC., Respondent; EVELYN C., Respondent, et al., Respondent; KEITH G., Intervenor Appellant. (Proceeding No. 1.) In the Matter of KEITH G., Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents. (Proceeding No. 2.) [26 NYS3d 547]—

Appeals from (1) an order of fact-finding of the Family Court, Queens County (Margaret Parisi McGowan, J.), dated May 1, 2014, (2) an order of disposition of that court dated July 14, 2014, and (3) an order of fact-finding and disposition of that court dated August 4, 2014. The order of fact-finding, after a hearing, found, inter alia, that the appellant's consent to the adoption of the subject child is not required. The order of disposition, after a hearing, determined that it is in the subject child's best interests to be adopted by his foster parents, terminated the appellant's parental rights, and dismissed the appellant's custody petition. The order of fact-finding and disposition, insofar as appealed from, determined that the appellant's consent to the adoption of the subject child is not required and transferred custody and guardianship of the subject child to St. Vincent's Services, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption, without further notice to the appellant.

Ordered that the appeals from (1) the order of fact-finding dated May 1, 2014, and (2) so much of the order of disposition dated July 14, 2014, as determined that it is in the subject child's best interests to be adopted by his foster parents and terminated the appellant's parental rights, are dismissed, without costs or disbursements, as the order of fact-finding and those portions of the order of disposition were superseded by

the order of fact-finding and disposition dated August 4, 2014; and it is further,

Ordered that the order of disposition dated July 14, 2014, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition dated August 4, 2014, is affirmed, without costs or disbursements.

The subject child was born in February 2008. Luis P. was listed as the father on the birth certificate and later registered with the Putative Father Registry. At eight months of age, the child was removed from his mother's care and placed into foster care with St. Vincent's Services, Inc. (hereinafter SVS). The child was placed in kinship foster care with his maternal great aunt and uncle. The appellant, who was incarcerated from July 2007 until May 2011, informed SVS, upon his release from prison, that he was the biological father. He filed a paternity petition on June 13, 2011, which was dismissed without prejudice in October 2011 on the ground that no basis existed to name him as the father without a motion to vacate Luis P.'s acknowledgment of paternity.

Meanwhile, on July 18, 2011, SVS commenced a proceeding against the mother and Luis P. pursuant to Social Services Law § 384-b to terminate their parental rights and free the child for adoption (hereinafter the termination proceeding). The petition alleged, in part, that there was no "other male person entitled to notice of these proceedings." In November 2012, the appellant moved to intervene in the termination proceeding and for a DNA test, contending that he was the biological father. The Family Court granted the motion, and, after DNA testing established the appellant's paternity, an order of filiation dated January 10, 2013, was issued. Visitation between the child and the appellant commenced, and, on or about February 14, 2013, the appellant filed a petition seeking custody of the child. On July 16, 2013, the mother executed a judicial surrender of the child, conditioned upon certain visitation and contact and on the child being adopted by the foster parents. The termination proceeding was adjourned for a hearing on the appellant's status as a consent father.

The Family Court considered the issue of the appellant's status at a combined hearing on the termination and custody petitions, at which evidence was admitted for the time period after the termination petition was filed in 2011 and after paternity was established in January 2013. Following the hearing, the court determined that the appellant's consent to the adoption was not required. At a subsequent dispositional hear-

ing, the court determined that the child's best interests would be served by adoption by the foster parents. The court terminated the appellant's parental rights and dismissed his custody petition. The court thereafter entered an order of fact-finding and disposition dated August 4, 2014, incorporating the above findings and transferring custody of the child to SVS and the Commissioner of Social Services of the City of New York for the purpose of adoption, without further notice to the appellant. The appellant appeals from the three orders.

Contrary to the appellant's contention, the Family Court properly held a hearing in the termination proceeding to determine his status as a consent father (*see Matter of Dominique P.*, 14 AD3d 319 [2005]). The appellant intervened in the proceeding, and the issue of whether his consent to the adoption was required was squarely before the court (*cf. Matter of Washington v Erie County Children's Servs.*, 83 AD3d 1433 [2011]). Even considering the time period after paternity was established, as the Family Court did (*see Matter of Vanessa Ann G.-L.*, 50 AD3d 1036, 1038 [2008]), the court's determination that the appellant's consent was not required for adoption was supported by clear and convincing evidence (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Jasiah T.-V.S.J. [Joshua W.]*, 112 AD3d 717 [2013]). The appellant failed to establish that he made payments toward the support of his child of a fair and reasonable sum, according to his means, at any time (*see* Domestic Relations Law § 111 [1] [d] [i]; *Matter of Jeremyah G. [Keith J.]*, 125 AD3d 655 [2015]; *Matter of Michael M. [Michael M., Sr.]*, 103 AD3d 423 [2013]).

Contrary to the appellant's contention, the evidence at the dispositional hearing established that the child's best interests would be served by freeing the child for adoption by the foster parents (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Anastasia R. [Jessica R.]*, 133 AD3d 605 [2015]). A forensic evaluation of the child was unwarranted (*see* Family Ct Act § 251; *Matter of Solovay v Solovay*, 94 AD3d 898, 900 [2012]), and any error by the Family Court in limiting questions concerning the living arrangements of the child's sibling was harmless given the evidence adduced in these proceedings (*see Matter of Sylvia Esther O.*, 253 AD2d 465 [1998]). Upon the status and best interest determinations, the Family Court properly dismissed the appellant's custody petition (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of John Paul B. v Dominica B.*, 77 AD3d 932 [2010]; *Matter of LeeAnne V.*, 22 AD3d 378 [2005]; *Matter of John E. v Doe*, 164 AD2d 375, 382 [1990]).

The appellant's contention that he was denied a fair hearing by undue interference by the Family Court in the examination of witnesses is unpreserved for appellate review and, in any event, without merit (*see Matter of James Robert L.*, 122 AD2d 51, 53 [1986]).

The appellant's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Dillon, Miller and Barros, JJ., concur.