■ In the Matter of DAVID L.S., III. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CAPRICE L.T., Appellant. [62 NYS3d 813]—Appeal by the mother from an amended order of fact-finding of the Family Court, Kings County (Alan Beckoff, J.), dated July 7, 2016. The amended order, after a fact-finding hearing, found that the mother neglected the subject child.

Ordered that the amended order of fact-finding is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child. After a fact-finding hearing, the Family Court found that the mother neglected the child. The mother appeals.

The mother's contention that the Family Court erred in admitting into evidence a recording of a telephone conversation between her and the paternal grandmother is unpreserved for appellate review (*see Matter of Angel P. [Evelyn C.—Keith G.]*, 137 AD3d 793, 796 [2016]) and, in any event, without merit (*see People v McPhillips*, 133 AD3d 785, 786 [2015]; *People v Nealy*, 32 AD3d 400, 402 [2006]). The court erred, however, in admitting testimony by the paternal grandmother regarding a conversation with the maternal aunt and a recording of a telephone conversation between the paternal grandmother and the maternal grandmother under the present sense impression exception to the hearsay rule (*see People v Cantave*, 21 NY3d 374, 382 [2013]; *People v Vasquez*, 88 NY2d 561, 576 [1996]; *People v Parchment*, 92 AD3d 699, 699 [2012]). Nevertheless, these errors were harmless (*see Matter of Angel P. [Evelyn C.—Keith G.]*, 137 AD3d at 795; *Matter of Jeremiah J.W. [Tionna W.]*, 134 AD3d 848, 849 [2015]).

The Family Court's determination that the mother neglected the child was supported by a preponderance of the evidence, which demonstrated that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the mother's mental illness (*see Matter of Zoey A. [Felicia A.]*, 139 AD3d 528 [2016]; *Matter of Mesiah Elijah B. [Taneez B.]*, 132 AD3d 456 [2015]; *Matter of Negus T. [Fayme B.]*, 123 AD3d 836 [2014]; *see also Matter of Kiemiyah M. [Cassiah M.]*, 137 AD3d 1279, 1279-1280 [2016]).

Accordingly, the Family Court properly found that the mother neglected the child. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.