Matter of Cynthia M. V. (Jose V.) (2019 NY Slip Op 05136)





Matter of Cynthia M. V. (Jose V.)


2019 NY Slip Op 05136


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


[*1]In the Matter of Cynthia M.. (Anonymous), respondent-appellant. SCO Family of Services, petitioner-respondent; Jose V. (Anonymous), appellant-respondent. (Proceeding No. 1)
In the Matter of Angelo R. V. (Anonymous), respondent-appellant. SCO Family of Services, petitioner-respondent; Jose V. (Anonymous), appellant-respondent. (Proceeding No. 2)


Helene Chowes, New York, NY, for appellant.
Michael A. Fiechter, Bellmore, NY, attorney for the children, the respondents-appellants, Cynthia M. V. and Angelo R. V.



DECISION & ORDER
In related proceedings pursuant to Social Services Law 384-b, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated October 19, 2016, (2) a decision of the same court dated February 28, 2017, made after a dispositional hearing, and (3) an order of disposition of the same court dated March 20, 2017, and the children cross-appeal from the order of disposition. The order of fact-finding, insofar as appealed from, after a hearing, found that the father's consent to the adoption of the subject children was not required pursuant to Domestic Relations Law § 111. The order of disposition, insofar as appealed from, upon the order of fact-finding and the decision, inter alia, in effect, dismissed the father's petitions for custody of the children and found that it was in the best interests of the children to be freed for adoption, and transferred custody of the children to the Commissioner of Social Services of the City of New York and to SCO Family of Services for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, on the ground that no appeal lies from a decision (Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the cross appeal is dismissed, as the children are not aggrieved by the order of disposition (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, for a determination that the father's consent to the adoption of the subject children was not required pursuant to Domestic Relations Law § 111, and to free the children for adoption. The father then filed petitions for custody of the children. After conducting a fact-finding hearing, in an order dated October 19, 2016, the Family Court, inter alia, found that the father's consent to the adoption of the children was not required. In an order dated January 23, 2017, the court, inter alia, denied the children's motion to incorporate the evidence presented at the fact-finding hearing into the record at the dispositional hearing. After conducting a dispositional hearing, in an order dated February 28, 2017, the court dismissed the father's custody petitions and found that it would be in the children's best interests to be freed for adoption by their maternal great grandmother. In an order dated March 20, 2017, the Family Court, inter alia, transferred custody of the children to the Commissioner of Social Services of the City of New York and to SCO Family of Services for the purpose of adoption. The father appeals from the orders dated October 19, 2016, February 28, 2017, and March 20, 2017. The children cross-appeal from the order dated March 20, 2017.
A biological father's consent to adopt a child over six months old who was born out of wedlock is required only if the father maintained substantial and continuous or repeated contact with the child as manifested by payment of reasonable child support and either monthly visitation or regular communication with the child or custodian (see Domestic Relations Law § 111[1][d]). Domestic Relations Law § 111(1)(d) imposes a dual requirement upon the biological father, and the father's unexcused failure to satisfy either of these requirements is sufficient to warrant a finding that his consent to adoption is not required (see Matter of Mikai R. [Ralph R.], 166 AD3d 624, 624). Here, we agree with the Family Court's determination that the father's consent to adoption was not required because he did not maintain substantial and continuous or repeated contact with the child as manifested by payment of reasonable child support (see Matter of Angel P. [Evelyn C.-Keith G.], 137 AD3d 793, 795; Matter of Makia R.J. [Michael A.J.], 128 AD3d 1540, 1540; Matter of Jeremyah G. [Keith J.], 125 AD3d 655, 657).
We also agree with the Family Court's determination that it was in the best interests of the children to be freed for adoption by their maternal great grandmother, with whom they had bonded and lived for several years (see Matter of Jasiah T.-V. S.J. [Joshua W.-Shatesse J.], 166 AD3d 876; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Jeremy D.R., 40 AD3d 764, 765).
The father's remaining contentions are without merit.
Since all of the relief awarded in the order of disposition was supported by the children in the Family Court, and the children ask this Court to affirm that order in its entirety, the children's cross appeal from that order must be dismissed, as the children are not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157). Although the children's contentions on the cross appeal from the order of disposition could be considered as alternative grounds for affirmance of that order (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546), in light of our determination on the appeal from the order of disposition, those contentions have been rendered academic.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court