Matter of Lania C. (Latoya C.) (2022 NY Slip Op 02865)

Matter of Lania C. (Latoya C.)

2022 NY Slip Op 02865

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Docket No. B3475-77/17 Appeal No. 15809 Case No. 2021-01744 

[*1]In the Matter of Lania C., and Others, Children Under Eighteen Years of Age, etc., Latoya C. Respondent-Appellant, Children's Aid Society, Petitioner-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Law Office of James M. Abramson, PLLC, Brooklyn (James M. Abramson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.

Orders of fact-finding and disposition, Family Court, New York County (Patria Frias-Colon, J.), entered on or about December 10, 2019, to the extent respondent mother was found to have permanently neglected the subject children, unanimously affirmed, without costs.
Clear and convincing evidence supports the determination that petitioner made diligent efforts to encourage and strengthen the parental relationship by, among other things, providing mental health treatment referrals, scheduling regular visitation with the children, and explaining to respondent the importance of complying with her service plan (see Matter of Serenity K.T. [Shanisha S.], 190 AD3d 572, 573 [1st Dept 2021]). Despite petitioner's diligent efforts, respondent's visitation with the children was inconsistent, and she failed to comply with mental health services (see Matter of Asar S.W. [Marie G.], 182 AD3d 519, 520 [1st Dept 2020]). Respondent also failed to comply with the orders of protection barring her husband, who had committed acts of domestic violence against respondent in the presence of the children, from having contact with the children.
Preliminarily, we find that the denial of respondent's request for substitute counsel is not properly before this Court. The application was not made until after respondent completed her testimony in the termination proceeding, and during a permanency hearing. Respondent then chose not to appear on the day of fact-finding summations, resulting in the dispositional hearing proceeding on inquest in her absence.
In any event, contrary to respondent's contention, the record shows that the court properly denied respondent's request. The record is devoid of evidence of any serious conflict between respondent and counsel (see Matter of Desmond K., 59 AD3d 240, 241 [1st Dept 2009], lv denied 12 NY3d 711 [2009]), or that counsel's representation was deficient. Further, the court made appropriate inquiry into respondent's reasons for the request and made its determination after it considered respondent's statements.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022