Matter of Zion Zahmar Z.K.F. (Katrina F.) (2023 NY Slip Op 01048)

Matter of Zion Zahmar Z.K.F. (Katrina F.)

2023 NY Slip Op 01048

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Docket No. B-19301/18 Appeal No. 17393 Case No. 2022-02393 

[*1]In the Matter of Zion Zahmar Z.K.F., A Child Under the Age of Eighteen Years, etc., Katrina F., Respondent-Appellant, Lutheran Social Services of New York, Petitioner-Respondent.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Carrieri & Carrieri, P.C., Saint James (Ralph R. Carrieri of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Clark V. Richardson, J.), entered on or about March 10, 2022, which, to the extent appealable and as limited by the briefs, determined after a hearing that respondent mother permanently neglected the subject child, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that despite petitioner's diligent efforts to encourage and strengthen the parent-child relationship, the mother failed to plan for the child's future (see Social Services Law § 384-b [7] [a]). Petitioner's efforts included referring the mother for multiple mental health services, drug treatment programs, and drug testing; helping her with subway fare; and discussing with her the importance of complying with her service plan (see Matter of Lania C. [Latoya C.], 204 AD3d 601, 601 [1st Dept 2022], lv denied 38 NY3d 909 [2022]; Matter of Amanda M.T. [Charles Franklin T.], 189 AD3d 470, 471 [1st Dept 2020], lv denied 36 NY3d 907 [2021]). Nevertheless, the mother refused to engage in mental health treatment, insisting that she did not need those services. The mother also failed to complete a drug treatment program and continued to test positive for drugs (see Matter of Zariah M.E. [Alexys T.], 171 AD3d 607, 608 [1st Dept 2019]; Matter of Bryce Raymond R. [Ann M.], 162 AD3d 522, 523 [1st Dept 2018], lv denied 32 NY3d 901 [2018]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023