Matter of N.L.-G. (V.G.) (2024 NY Slip Op 00970)

Matter of N.L.-G. (V.G.)

2024 NY Slip Op 00970

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Docket No. B-14830/19, B-14831/19 Appeal No. 1735 Case No. 2021-03818 

[*1]In the Matter of N.L.-G., and Another, Children Under Eighteen Years of Age, etc., V.G., Respondent-Appellant, Mercy First, Petitioner-Respondent. 

Tennille M. Tatum-Evans, New York, for appellant.
Law Office of Ira L. Eras, P.C., Brooklyn, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (E. Grace Park, J.), entered on or about November 1, 2021, which, after a hearing, determined that respondent permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding that respondent permanently neglected the children is supported by clear and convincing evidence (Social Services Law § 384-b[7][a]). The record shows that the agency made diligent efforts to encourage and strengthen the parental relationship by making appropriate referrals, monitoring her compliance, scheduling regular meetings to counsel her on the service plan requirements, and scheduling visitation (see Matter of Asar S.W. [Marie G.], 182 AD3d 519, 520 [1st Dept 2020]). It also explained to respondent the importance of complying with her service plan (see Matter of Lania C. [Latoya C.], 204 AD3d 601, 602 [1st Dept 2022], lv denied 38 NY3d 909 [2022]).
The record also establishes that despite the agency's efforts, respondent failed to plan for the children's future during the statutorily relevant time period because she lacked insight into her behavior and failed to accept any responsibility for the circumstances that led to the children's placement in foster care (see Matter of Jeremiah C. [Kim C.], 211 AD3d 598, 599 [1st Dept 2022], lv denied, 39 NY3d 910 [2023]). To the extent respondent complied with services, including attending parenting skills classes and individual therapy, we accord deference to Family Court's determination that she failed to gain insight or otherwise benefit from them and, accordingly, do not disturb its findings (id.).
A preponderance of the evidence demonstrates that it was in the children's best interests to terminate respondent's parental rights and free the children for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The children have been in foster care in a pre-adoptive home for more than four years, and their educational, emotional, and physical needs are being met. The agency is in agreement with the children's wish to remain there and be adopted by the foster mother's daughter. A suspended judgment would only prolong the children's lack of permanency and is unwarranted under the circumstances (see Matter of Matthew Louis S. [Raymond R.], 150 AD3d 430, 431 [1st Dept 2017], lv denied 29 NY3d 913 [2017]).
We have considered respondent's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024